UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUISIANA HEALTH SERVICE INDEMNITY COMPANY d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA, on behalf of itself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ASTELLAS PHARMA US, INC.,<br><br>　　Defendant. | *Related Cases:*<br>*11-cv-2242 (MDL)*<br>*11-cv-11621*<br>*11-cv-11870*<br>*11-cv-11647*<br>*11-cv-11685*<br><br>Case No. 1:11-cv-12326<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ENTRY OF [PROPOSED] CASE MANAGEMENT ORDER #3**

　　Indirect Purchaser Plaintiffs New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund, Janet M. Paone, Judith Carrasquillo, Plumbers and Pipefitters Local 572 Health and Welfare Fund and Louisiana Health Service Indemnity Company (collectively, the "indirect purchaser plaintiffs") submit this memorandum of law in support of their Motion for Entry of [Proposed] Case Management Order #3, consolidating all five indirect purchaser cases (the "Indirect Purchaser Actions") and appointing lead counsel pursuant to Federal Rule of Civil Procedure 23(g).  Counsel for all five of the above listed indirect purchaser cases join in this memorandum.

　　This Court has already addressed a similar motion brought by the direct purchaser plaintiffs and appointed Hagens Berman Sobol Shapiro, LLP and Garwin Gerstein & Fisher,

1

LLP as Co-Lead Counsel. (Dkt. No. 33). The indirect purchaser plaintiffs now request that the Indirect Purchaser Actions be consolidated and lead counsel be appointed for their cases for the very same reasons that the Court previously found it appropriate to appoint lead counsel for the direct purchasers: the proposed counsel are qualified and having lead counsel so designated is the most efficient manner in which to conduct a complex, antitrust litigation such as this. Moreover, it is necessary to appoint separate lead counsel for the Indirect Purchaser Actions because, otherwise, the indirect purchaser class members would not be represented adequately. As this Court recognizes, indirect purchasers and direct purchasers are different classes of plaintiffs having different claims that will necessitate, in some respects, different or additional proof compared to the direct purchaser plaintiffs.

### A. Procedural Background of the Indirect Purchaser Actions.

The Indirect Purchaser Actions were initiated, mostly, after the direct purchaser cases were organized. On September 15, 2011, this Court granted, in part, the direct purchasers' motion and entered MDL Order No. 2 which, among other things, appointed Co-Lead Counsel. The first indirect purchaser action was filed on September 14, 2011 by New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund. This was followed by the *Paone* case on September 16, *Carrasquillo* case on September 22, the *Plumbers and Pipefitters Local 572 Health and Welfare Fund* case on October 21, and the *Bluecross/Blueshield of Louisiana* case on December 28.

### B. Consolidation Is Proper.

Like the direct purchasers, the Indirect Purchaser Actions should be consolidated for pretrial purposes. Federal Rule of Civil Procedure 42 states that if "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R.

Civ. P. 42(a)(2). All five Indirect Purchaser actions involve allegations by classes of indirect purchasers of the drug tacrolimus, i.e., Prograf, that stem from Defendant Astellas' alleged unlawful scheme to illegally extend its monopoly by filing a sham citizen petition with the FDA. The factual allegations, alleged wrongdoing, and causes of action are the same amongst the Indirect Purchaser Actions.

### C. The Proposed Co-Lead Counsel Are Qualified To Serve As Lead Counsel.

In appointing lead counsel the Court should consider: (a) the work counsel has done in identifying or investigating potential claims in the action; (b) counsel's experience in handling class actions, other complex litigation; and claims of the type asserted in the action; (c) counsel's knowledge of the applicable law; and (d) the resources counsel will commit to representing the class. *See* Fed.R.Civ.P. 23(g)(1)(C)(i). Each of proposed counsel are well qualified, satisfy all of these requirements, and are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2)(B).

Plaintiffs ask that the Court appoint the following as co-lead indirect purchaser counsel:

> J. Gerard Stranch, IV, Esq.
> BRANSTETTER, STRANCH & JENNINGS, PLLC
> 227 2nd Avenue North, 4th Floor
> Nashville, TN 37201-1631
> Telephone: (615) 254-8801
>
> James R. Dugan, II, Esq.
> THE DUGAN LAW FIRM
> One Canal Place
> 365 Canal Street, Suite 1000
> New Orleans, LA 70130
> Telephone: (504) 648-0180

Plaintiffs' counsel for the Indirect Purchaser Actions have conferred with one another and have agreed to this proposed leadership structure.

J. Gerard Stanch, Esq. is a partner at Branstetter, Stranch & Jennings, PLLC which has been providing diverse legal services to its clients for over 50 years. The focus of the firm, however, has remained litigation and trial work. BS&J has recovered in excess of a billion dollars for its clients and continues to be a leader in class action litigation. BS&J has substantial experience in antitrust cases affecting the pharmaceutical industry and beyond, including serving as lead counsel on behalf of indirect purchaser plaintiffs in the *In re: Wellbutrin XL Antitrust Litigation*, and as counsel representing end-payor plaintiffs in other matters such as *In re: Effexor XR Antitrust Litigation*, *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, *Metoprolol Succinate End-Payor Antitrust Litigation, etc.* BS&J served as co-lead counsel in the *Sherwood v. Microsoft* No. 99C-3562, 2003 Tenn. App. 539 which has become the seminal case in Tennessee on indirect purchaser standing and the Tennessee Trade Practices Act. In addition to its extensive antitrust work, BS&J is currently serving as lead/co-lead or trial counsel in dozens of complex litigation cases involving federal securities, consumer protection, and shareholder derivative actions across the country. BS&J has the resources, ability, and experience to serve as co-lead counsel in this litigation. Mr. Stranch has been an integral part of the firm's class action cases and has extensive experience in the area of antitrust law and pharmaceutical cases in particular. The Declaration of Gerard Stranch and BS&J CV are attached hereto as Exhibit A.

James R. Dugan, II, Esq. and the Dugan Law Firm are lead counsel and the first filed New Mexico case and the Blue Cross Blue Shield of Louisiana case. New Mexico has over 3000 members and Blue Cross Blue Shield of Louisiana has over a million members. Mr. Dugan has vast experience in complex class actions and especially in the area of pharmaceutical antitrust. Mr. Dugan has served as co-lead counsel in indirect purchaser antitrust actions, which resulted in

outstanding settlements for the benefit of class members. The firm resume of the Dugan Law is attached hereto as Exhibit B.

### D. Liaison Counsel

Plaintiffs also ask the Court to appoint the following Liaison Counsel to serve the administration duties of receiving and sending communications with the court and parties.

> Glen DeValerio, Esq.
> BERMAN DEVALERIO
> One Liberty Square
> Boston, MA  02109
> Phone: (617) 542-8300

Glen DeValerio and the national law firm Berman DeValerio have litigated class actions before this Court and courts around the country for thirty years. Berman DeValerio, among scores of antitrust and securities class actions in which it has been appointed lead counsel for plaintiffs, has led the largest consumer antitrust action ever litigated in the First Circuit, *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 03-md-1532, (D. Maine), and pioneered indirect purchaser actions like this one on behalf of third-party payors and individual consumers of pharmaceuticals in *In re Cardizem CD Antitrust Litigation*, 99-md-1278 (E.D. Mich.). Glen DeValerio and Berman DeValerio can ably fulfill the role of liaison counsel on behalf of the Indirect Purchaser Plaintiffs. The firm resume of Berman DeValerio is attached as Exhibit C.

### E. Conclusion

Based on the foregoing, Plaintiffs respectfully request that the motion be granted consolidating all five Indirect Purchaser Actions and appointing co-lead counsel for the Indirect Purchaser Actions pursuant to Federal Rule of Civil Procedure 23(g).

Dated: February 28, 2012          /s/ Michael Tabb
Michael Tabb, Esq.
matabb@greenellp.com
Thomas M. Greene, Esq.
tgreene@greenellp.com
Ilyas J. Rona, Esq.
irona@greenellp.com
GREENE LLP
One Liberty Square, Ste 1200
Boston, MA 02109
Phone: (617) 261-0040

*Counsel for Plaintiff Louisiana Health Service Indemnity Company d/b/a Bluecross/Blueshield of Louisiana*

## CERTIFICATE OF SERVICE

I, Michael Tabb, hereby certify that this document was electronically filed and served using the Court's ECF system on February 28, 2012.

/s/ Michael Tabb
Michael Tabb